[Cite as *State v. Sitgraves*, 2022-Ohio-819.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT**
**COUNTY OF CUYAHOGA**

STATE OF OHIO,                           :

    Plaintiff-Appellee,          :

                                 No. 110566

v.                                                     :

DARIUS SITGRAVES,                  :

    Defendant-Appellant.        :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 17, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-20-648572-B and CR-20-651701-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and John D. R-R. Kirkland, Assistant
Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and
Jonathan Sidney, Assistant Public Defender, *for
appellant.*

MARY EILEEN KILBANE, P.J.:

{¶ 1} Defendant-appellant Darius Sitgraves ("Sitgraves"), raising a single

assignment of error, argues that the Reagan Tokes Law is unconstitutional and,

therefore, his sentence imposed under that law is invalid. For the following reasons, we find the Reagan Tokes Law is constitutional and affirm the lower court's sentence.

**Factual and Procedural History**

**CR-20-648572-B**

{¶ 2} On March 19, 2020, a Cuyahoga County Grand Jury indicted Sitgraves on 30 counts including five counts of aggravated robbery in violation of R.C. 2911.01(A)(1); five counts of robbery in violation of R.C. 2911.02(A)(2); five counts of robbery in violation of R.C. 2911.02(A)(3); one count of grand theft in violation of R.C. 2913.02(A)(1); six counts of theft in violation of R.C. 2913.02(A)(1);[1] three counts of aggravated menacing in violation of R.C. 2903.21(A); one count of kidnapping in violation of R.C. 2905.021(A)(2); one count of felonious assault in violation of R.C. 2903.11(A)(2); one count of intimidation of crime victim or witness in violation of R.C. 2921.04(B)(1); one count of telecommunications fraud in violation of R.C. 2913.05(A); and one count of misuse of credit cards in violation of R.C. 2913.21(B)(2). All counts except the misdemeanor theft charges and aggravated menacing charges carried one- and three-year firearm specifications.

---

[1] The indictment charged three counts of theft, a felony of the fifth degree, in violation of R.C. 2913.02(A)(1); one count of theft, a felony of the fourth degree, in violation of R.C. 2913.02(A)(1); and two counts of theft, a misdemeanor of the first degree, in violation of R.C. 2913.02(A)(1).

{¶ 3} On July 24, 2020, Sitgraves was declared indigent and pleaded not guilty to the indictment. Bond was set and Sitgraves was released under court-supervised release and GPS home detention monitoring.

{¶ 4} On April 1, 2021, Sitgraves withdrew his former pleas of not guilty and pleaded guilty to one count of robbery, a felony of the second degree; two counts of aggravated robbery, felonies of the first degree, with one count carrying a one-year firearm specification and one count carrying a three-year firearm specification; one count of kidnapping, a felony of the first degree; and one count of witness intimidation, a felony of the third degree. The state nolled the remaining counts and specifications.

{¶ 5} On May 4, 2020, the court sentenced Sitgraves to four years on the firearm specifications, to be served prior to and consecutive with a minimum prison term of five years and a maximum prison term of seven years on the underlying offenses, with a total stated prison term of nine to 11 years.

**CR-20-651701-A**

{¶ 6} On July 27, 2020, in Cuyahoga C.P. No. CR-20-651701-A, a Cuyahoga County Grand Jury indicted Sitgraves on one count of robbery in violation of R.C. 2911.02(A)(2); one count of robbery in violation of R.C. 2911.02(A)(3); and one count of assault in violation of R.C. 2903.13(A).

{¶ 7} On September 22, 2020, Sitgraves was declared indigent and pleaded not guilty to the indictment. On April 1, 2021, Sitgraves retracted his former plea of not guilty and pleaded guilty to robbery, a felony of the third degree, and the

remaining two counts were nolled. The trial court referred Sitgraves for a presentence investigation and to the court's psychiatric clinic.

{¶ 8} On May 4, 2021, the trial court sentenced Sitgraves to 36 months in prison and up to three years' discretionary postrelease control, with the prison sentence served concurrently with the sentence imposed in CV-20-648572-B. The court granted Sitgraves 575 days of jail-time credit.

{¶ 9} At the time of Sitgraves's plea hearing on April 1, 2021, defense counsel noted his objection to the constitutionality of the Reagan Tokes Law. Additionally, at the May 4, 2021 sentencing hearing, the trial court and defense counsel engaged in a brief discussion regarding the Reagan Tokes Law and the state of various appeals pending before this court and the Ohio Supreme Court on the question of the law's constitutionality. The trial court stated it found the Reagan Tokes Law unconstitutional but found the charges were subject to the law. Before defense counsel raised an objection to the application of the Reagan Tokes Law, the trial court noted defense counsel's objection and granted defense counsel permission to file an appeal on the constitutionality of the law.

{¶ 10} On June 4, 2021, Sitgraves filed a timely notice of appeal arguing the trial court erred when it imposed an indefinite sentence pursuant to the Reagan Tokes Law because the law is unconstitutional.

**Legal Analysis**

{¶ 11} Sitgraves's sole assignment of error is that his indefinite sentence under the Reagan Tokes Law is unconstitutional because it violates (1) Sitgraves's

right to a trial by jury as protected by Article I, Section 5, of the Ohio Constitution and the Sixth Amendment of the United States Constitution, (2) the separation-of-powers doctrine, and (3) due process rights under Article I, Section 16, of the Ohio Constitution and the Fourteenth Amendment of the United States Constitution.

{¶ 12} Sitgraves's arguments are overruled pursuant to this court's en banc decision in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, which overruled the challenges presented in this appeal to the Reagan Tokes Law enacted through S.B. 201. Therefore, we find that Sitgraves's sentence pursuant to Reagan Tokes was not a violation of his constitutional rights. Sitgraves's assignment of error is overruled.

{¶ 13} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

EMANUELLA D. GROVES, J., CONCURS;
MARY J. BOYLE, J., CONCURS IN JUDGMENT ONLY

N.B. Judge Mary Eileen Kilbane joined the dissenting opinion by Judge Lisa B. Forbes and the concurring in part and dissenting in part opinion by Judge Anita Laster Mays in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.

Judge Emanuella D. Groves concurred with the opinions of Judge Lisa B. Forbes (dissenting) and Judge Anita Laster Mays (concurring in part and dissenting in part) in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.